UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAVE MAN KITCHENS INC.,

    Plaintiff,

v.

CAVEMAN FOODS, LLC,

    Defendant.

C18-273 TSZ

ORDER

THIS MATTER comes before the Court on defendant Caveman Foods, LLC's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and/or 12(b)(6), or alternatively to transfer this case to the Northern District of California, docket no. 13. Having reviewed all papers filed in support of, and in opposition to, the motion,[1] the Court enters the following order.

**Discussion**

Plaintiff Cave Man Kitchens Inc. alleges that it is a Washington "limited liability corporation" headquartered in Kent, Washington. Compl. at ¶ 2 (docket no. 1). In

---

[1] The parties have submitted materials outside the pleadings, of which the Court takes judicial notice pursuant to Federal Rule of Evidence 201, without converting defendant's motion into one for summary judgment. *See* Fed. R. Civ. P. 12(d); *see also* Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) (in ruling on a motion to dismiss, a court may consider the allegations in the pleadings, any exhibits that are attached to the complaint, and any matters properly subject to judicial notice, as well as documents referenced but not explicitly incorporated in the complaint whose authenticity is unquestioned).

ORDER - 1

Washington, an entity may be a corporation or a limited liability company ("LLC"); it cannot be a limited liability corporation. <u>See</u> RCW 23.95.305. If an entity is an LLC, its name may not contain the abbreviation "Inc." <u>Id.</u> at ¶ (5)(a)(ii). Contrary to the assertion in the operative pleading, plaintiff is a corporation, not an LLC, and it was formed on June 6, 2011. <u>See</u> Ex. E to Request for Judicial Notice (docket no. 15-5).

Plaintiff's allegation that it has used the marks CAVE MAN and CAVEMAN in connection with restaurant and catering services continuously since December 21, 1971, <u>see</u> Compl. at ¶ 7 (docket no. 1), is inconsistent with the date on which plaintiff was incorporated, almost forty years later. Plaintiff acknowledges that an entirely different entity used and owned the mark CAVE MAN KITCHENS from 1971 until either 2010, when the other business unsuccessfully sought discharge in bankruptcy,[2] or 2011, when it was administratively dissolved by the Washington Secretary of State. <u>See</u> Donley Decl. at ¶¶ 3-5 (docket no. 18-1); <u>see also</u> Exs. A & C to Request for Judicial Notice (docket nos. 15-1 & 15-3). At the time this lawsuit was commenced, plaintiff did not own the registered mark CAVE MAN KITCHENS, upon which all of its claims (and its alleged priority date) are based.

Plaintiff's lack of standing is evidenced by Registration No. 3,222,887 for the service mark CAVE MAN KITCHENS, dated March 27, 2007, Ex. A to Compl. (docket no. 1-1), which was over four years before plaintiff even existed; plaintiff cannot be the

---

[2] The mark CAVE MAN KITCHENS was not disclosed as an asset in the bankruptcy proceedings. <u>See</u> Ex. M to Supp. Request for Judicial Notice (docket no. 21).

entity to which the registration was granted. On May 30, 2018, after defendant had moved to dismiss this matter for *inter alia* lack of standing on plaintiff's part, an "Assignment Nunc Pro Tunc" in favor of plaintiff was executed by the president of the long defunct entity that had registered the mark CAVE MAN KITCHENS. <u>See</u> Ex. A to Stuart Decl. (docket no. 18-3). This attempted assignment fails to establish that, at the time this case was filed, plaintiff had legal title to the intellectual property at issue. <u>See</u> <u>Gaia Techs., Inc. v. Reconversion Techs., Inc.</u>, 93 F.3d 774, 780 (Fed. Cir. 1996) ("[P]arties should possess rights <u>before</u> seeking to have them vindicated in court . . . . Permitting non-owners and licensees the right to sue, so long as they eventually obtain the rights they seek to have redressed, would enmesh the judiciary in abstract disputes, risk multiple litigation, and provide incentives for parties to obtain assignments in order to expand their arsenal and the scope of litigation. Inevitably, delay and expense would be the order of the day." (emphasis added, quoting <u>Procter & Gamble Co. v. Paragon Trade Brands, Inc.</u>, 917 F. Supp. 305, 310 (D. Del. 1995))); <u>see also</u> <u>Skaff v. Meridien N. Am. Beverly Hills, LLC</u>, 506 F.3d 832, 838 (9th Cir. 2007) ("The existence of standing turns on the facts as they existed at the time the plaintiff filed the complaint.").

When plaintiff initiated this action on February 22, 2018, it lacked standing to assert the claims that it brings under the Lanham Act, and those claims (Counts I, II, V, VI, VII, VIII, and IX) are therefore DISMISSED without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). <u>See</u> <u>Cetacean Cmty. v. Bush</u>, 386 F.3d 1169, 1174 (9th Cir. 2004) ("A suit brought by a plaintiff

without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit.").

The Court DECLINES to exercise supplemental jurisdiction over plaintiff's state law claims. <u>See</u> 28 U.S.C. § 1367(c)(3). In light of these rulings, the Court need not and does not address defendant's other grounds for dismissal or its alternative request for transfer.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Defendant's motion to dismiss, docket no. 13, is GRANTED. Plaintiff's Lanham Act claims are DISMISSED without prejudice for lack of subject matter jurisdiction. The Court DECLINES to exercise supplemental jurisdiction as to plaintiff's state law claims.

(2) The Clerk is DIRECTED to CLOSE this case and to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 28th day of August, 2018.

Thomas S. Zilly
United States District Judge

ORDER - 4